Attorneys for Plaintiff:
**THE RANDO LAW FIRM P.C.**
6800 Jericho Turnpike
Suite 120W
Syosset, NY 11791
 (516) 799-9800

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

| | | |
|---|---|---|
| PARABIT SYSTEMS INC., | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 19-cv-888 |
| v. | : | |
| SYNERGISTICS, INC., | : | |
| MILLENIUM GROUP, INC., | | |
| ISLAND MASTER LOCKSMITH INC, | : | |
| IML SECURITY, | | |
| GREGORY I. GOLDMAN, | : | |
| CATHY T. GOLDMAN, | | |
| STEVEN R. LONDON, | : | |
| MARC SEIDENBERG, | | |
| and JOHN DOES I-III, | : | |
| Defendants. | : | |

---------------------------------------------------------------X

## COMPLAINT

Plaintiff, PARABIT SYSTEMS INC., ("Parabit" or "Plaintiff"), by and through its attorneys, THE RANDO LAW FIRM P.C., for its Complaint against Defendants, SYNERGISTICS, INC. ("Synergistics"), MILLENIUM GROUP, INC. ("Millenium"), ISLAND MASTER LOCKSMITH INC. ("Island Master"), IML SECURITY ("IML"), GREGORY I. GOLDMAN ("GIG"), CATHY T. GOLDMAN ("CTG"), STEVEN R. LONDON ("SRL"), MARC SEIDENBERG ("MS") and JOHN DOES I-III (hereinafter sometimes collectively referred to as

1

"Defendants") hereby alleges, upon knowledge as to itself and its own actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a civil action wherein Plaintiff seeks relief and damages under Title 35 of the United States Code for infringement of United States Letters Patent No. 8,523,072 ("the '072 patent").

2. In this action, Plaintiff seeks declaratory, injunctive, monetary and equitable relief, compensatory and treble damages, and costs, expenses and attorney's fees pursuant to 35 U.S.C. § 281 et seq., 28 U.S.C. §§ 2201 & 2202.

## SUBJECT MATTER JURISDICTION

3. This Court has jurisdiction under 35 U.S.C. §§ 271 & 281, and 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1338(a) & (b).

4. Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202 and 35 U.S.C. § 283.

5. Damages are sought pursuant to 35 U.S.C. §§ 281 & 284.

6. Costs and attorney's fees are sought pursuant to 35 U.S.C. § 285, and Rule 54 of the Federal Rules of Civil Procedure.

## PERSONAL JURISDICTION

7. Defendants are subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendants because each has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products, in this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over Defendants in this case because each has committed acts giving rise to Parabit's claims within and directed to this judicial district.

8. The Court has personal jurisdiction over Defendants because Defendants, among other things, conduct business in, and avail themselves of the laws of, the State of New York. In addition, upon information and belief, Defendants through their own acts and/or through the acts of their partners and affiliated companies (acting as its agents or alter egos) make, use, offer to sell, sell (directly or through intermediaries), import, license and/or supply, in this judicial district and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this judicial district. Parabit's claims arise directly from Defendants' business contacts and other activities in the State of New York and in this judicial district.

9. Upon information and belief, Defendants directly or through their partners, subsidiaries or intermediaries, make, use, offer for sale, sell, import, advertise, make available and/or market and, at all relevant times have made, used, offered for sale, sold, imported, advertised and made available and/or marketed products within the Eastern District of New York, via sales locations, direct communications, and/or through their websites, thereby infringing the '072 patent.

## VENUE

10. Venue in this judicial district is proper under 28 U.S.C. § 1400(b) in that each of Defendants have jointly and severally committed the acts of patent infringement, and the tortious acts, recited below within this judicial district; and in that each of Defendants, Island Master, IML and MS reside in this judicial district; and in that each of Defendants, Synergistics, Millenium GIG, CTG, SRL and John Does I-III have a regular and established place of business in this judicial district.

## PARTIES

11. Plaintiff, Parabit, is a corporation organized and existing under the laws of the State of New York and having its principal place of business located at 2677 Grand Avenue, Bellmore, NY 11710.

12. Upon information and belief, Defendant, Synergistics, is a Massachusetts corporation with a place of business located at 16 Tech Cir Fl 2 Suite 225, Natick, MA 01760.

13. Upon information and belief, Defendant, Millenium, is a Massachusetts corporation with a place of business located at 16 Tech Cir Fl 2 Suite 225, Natick, MA 01760.

14. Upon information and belief, Defendant, Island Master, is a New York corporation with a place of business located at 55 Marine Street Suite B, Farmingdale, NY 11735.

15. Upon information and belief, Defendant, IML, is a New York corporation with a place of business located at 55 Marine Street Suite B, Farmingdale, NY 11735

16. Upon information and belief, Defendants, Synergistics, Millenium, GIG, CTG, SRL, MS, Island Master and IML are partners (the "Partnership") having a regular and established place of business in this judicial district at 55 Marine Street Suite B, Farmingdale, NY 11735.

17. Upon information and belief, Defendants, Synergistics, Millenium, GIG, CTG and SRL, have a regular and established place of business in several retail banking institution locations in this judicial district.

18. Upon information and belief, Defendant, GIG, is an individual that owns and operates Defendants, Synergistics, Millenium, and the Partnership, and is a citizen of, and resides in, the state of Massachusetts.

19. Upon information and belief, Defendant, CTG, is an individual that owns and operates Defendants, Synergistics, Millenium, and the Partnership, and is a citizen of, and resides in, the state of Massachusetts.

20. Upon information and belief, Defendant, SRL, is an individual that owns and operates Defendants, Synergistics, Millenium, and the Partnership, and is a citizen of, and resides in, the state of Massachusetts.

21. Upon information and belief, Defendant, MS, is an individual that owns and operates Defendants, Island Master, IML and the Partnership, and is a citizen of, and resides in, the state of New York.

22. Upon information and belief, Defendants, John Does I–III, are each individuals and each are citizens of, and reside in, the state of Massachusetts.

23. Upon information and belief, GIG has authority and control over the products distributed by Synergistics, Millenium and the Partnership and willfully and intentionally directed the infringement of the '072 patent which tortious acts were committed within this judicial district.

24. Upon information and belief, CTG has authority and control over the products distributed by Synergistics, Millenium and the Partnership and willfully and intentionally directed

the infringement of the '072 patent which tortious acts were committed within this judicial district.

25. Upon information and belief, SRL has authority and control over the products distributed by Synergistics, Millenium and the Partnership and willfully and intentionally directed the infringement of the '072 patent which tortious acts were committed within this judicial district.

26. Upon information and belief, MS has authority and control over the products distributed by Island Master, IML and the Partnership and willfully and intentionally directed the infringement of the '072 patent which tortious acts were committed within this judicial district.

27. Upon information and belief, John Does I–III have authority and control over the products distributed by Synergistics, Millenium and the Partnership and willfully and intentionally directed the infringement of the '072 patent which tortious acts were committed within this judicial district.

## FACTUAL BACKGROUND

### A. Patent In Suit

28. The '072 Patent is entitled "Card Reader Protection System" and relates to card reader protection systems, in particular, devices, systems and methods for detecting card reader skimming devices. The inventor of the '072 Patent is Joseph P. Randolph. The '072 Patent was filed on December 13, 2011. On September 3, 2013, the United States Patent and Trademark Office issued the '072 Patent.

29. Parabit is the assignee and the lawful owner of all rights, title and interest in and to the '072 Patent and possesses all rights of recovery under the '072 Patent and has standing to sue for infringement of the '072 Patent. A true and correct copy of the '072 Patent is attached hereto

as Exhibit 'A'.

30.     The '072 Patent is valid and enforceable.

### B.  Accused Product

31.     Defendants manufacture, use, offer to sell, sell, market, import and/or distribute various models of card reader protection system devices, that infringe the '072 patent, an example of which is sold under Model. No. 04-402, a photocopy of which, from Defendants', Synergistics and Millenium's "2018 ATM Card Access System Cut Sheet," is attached hereto as Exhibit 'B'. Defendants' infringement may include additional products, services and technologies (to be determined in discovery).

32.     The Accused Product is covered by at least claims 14, 15, 16 and 17 of the '072 Patent.

### C.  Notice of Infringement

33.     In or about September, 2016, Defendants were informed at a trade show regarding the Accused Product and the '072 Patent's patented technology.

34.     On February 13, 2017, Parabit's counsel followed-up the discussion, alleged in the immediately preceding paragraph, with an email and letter regarding acquiring a sample of the Accused Product and Parabit's intention to protect Parabit's rights in the '072 Patent's patented technology. Attached hereto as Exhibit 'C'.

35.     Defendants have continued to manufacture, use, offer to sell, sell, market, import and/or distribute the Accused Product.

### D.  Parabit Commercial Embodiment

36.     Parabit sells a product called " SkimGard." The SkimGard product is covered by the '072 Patent.

# COUNT I

## PATENT INFRINGEMENT OF U.S. PATENT NO. 8,523,072

37. Plaintiff repeats and realleges each of the preceding paragraphs, inclusive, as if set forth in full herein.

38. Defendants, subsequent to the issuance of the '072 Patent, jointly and severally have been and are now infringing, directly and indirectly by way of inducement and contribution, literally and/or under the doctrine of equivalents, the '072 Patent in this judicial district and elsewhere throughout the United States, by manufacturing, using, offering to sell, selling, marketing, importing and/or distributing products which fall within the scope of at least one claim of the '072 Patent without license or authorization. Such acts constitute infringement under at least 35 U.S.C. § 271(a), (b) & (c).

39. Upon information and belief, Defendants have been aware of the '072 Patent since at least approximately September 3, 2013, when the '072 Patent was first published by the United States Patent and Trademark Office, again in or about September, 2016, when informed of the '072 Patent's patented technology regarding the Accused Product at a trade show, and again on February 13, 2017, when a letter and email notice reiterating Parabit's intention to protect Parabit's rights in the '072 Patent's patented technology was sent to Defendants on behalf of Parabit. Defendants have yet to cease and desist. Defendants' infringement has therefore been reckless, without objective basis, and willful.

40. Upon information and belief, Defendants' infringement of the '072 patent is willful, wanton and deliberate, and with full knowledge of the aforesaid facts, in disregard of Plaintiff's rights thereunder. Unless enjoined by this Court, Defendants will continue their acts of infringement to Plaintiff's great and irreparable damage.

41. Defendants' willful infringement of the '072 patent by manufacturing, using, offering to sell, selling, marketing, importing, and/or distributing its infringing products, has been without the consent or license of Plaintiff. In all likelihood, Defendants will continue and will expand such acts of infringement, to the irreparable harm of Plaintiff, unless permanently enjoined from doing so by this Court during the unexpired term of the '072 patent.

42. Upon information and belief, Defendants have also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers and/or business partners in this judicial district and throughout the United States).

43. As a direct and proximate consequence of the infringement, Parabit has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

44. Parabit is entitled to recover from Defendants the damages sustained by Parabit as a result of Defendants' wrongful acts in an amount subject to proof at trial.

45. Plaintiff has no adequate remedy at law.

**DEMAND FOR RELIEF**

**WHEREFORE**, Parabit prays for judgment against Defendants, Synergistics, Millenium, GIG, CTG, SRL, MS, Island Master and IML, and John Does I-III, jointly and severally, as follows:

    A.    A judgment that Synergistics, Millenium, GIG, CTG, SRL, MS, Island

      Master and IML, and John Does I-III, have willfully and intentionally infringed one or more claims of the '072 patent.

B.   A preliminary and permanent injunction pursuant to 35 U.S.C. § 283 restraining Synergistics, Millenium, GIG, CTG, SRL, MS, Island Master and IML, and John Does I-III, their respective officers, directors, principals, agents, servants, employees, attorneys, successors and assigns, and all those acting in concert, combination or participation with any of them either directly, indirectly, singularly or together, from, *inter alia*, manufacturing, using, offering to sell, selling, marketing, importing, and/or distributing any infringing commercial embodiment of the '072 patent.

C.   A preliminary and permanent injunction pursuant to 35 U.S.C. § 283 restraining Synergistics, Millenium, GIG, CTG, SRL, MS, Island Master and IML, and John Does I-III, their respective officers, directors, principals, agents, servants, employees, attorneys, successors and assigns, and all those acting in concert, combination or participation with any of them either directly, indirectly, singularly or together, from committing further infringement of the '072 patent.

D.   An Order requiring the destruction of all products which infringe the '072 patent together with the destruction of all sales, marketing or promotional materials used for the distribution and/or sale of said infringing products which are in Synergistics', Millenium's, GIG's, CTG's, SRL's, MS', Island Master's and IML's, and John Does I-III's, possession or control together with the forfeiture of all apparatus used for the manufacture of said

       infringing products, which are in Synergistics', Millenium's, GIG's, CTG's, SRL's, MS', Island Master's and IML's, and John Does I-III's, possession or control.

E.   An accounting for damages against Synergistics, Millenium, GIG, CTG, SRL, MS, Island Master and IML, and John Does I-III on each count set forth herein including, but not limited to, a full accounting of Synergistics', Millenium's, GIG's, CTG's, SRL's, MS', Island Master's and IML's, and John Does I-III's, commercial sales pursuant to 35 U.S.C. § 284.

F.   That Plaintiff be awarded damages adequate to compensate it for Synergistics', Millenium's, GIG's, CTG's, SRL's, MS', Island Master's and IML's, and John Does I-III's infringement of the '072 patent, including lost profits, together with prejudgment and post judgment interest.

G.   That the Court treble the aforesaid damages sustained by Plaintiff (as stated in paragraph 'F' above) by reason of said acts of willful patent infringement complained of herein.

H.   A finding that this case is exceptional, and that Plaintiff be awarded its attorney's fees pursuant to 35 U.S.C. § 285.

I.   That Plaintiff be awarded its costs.

J.   That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all the triable issues raised in this Complaint.

Dated: February 14, 2019
       Syosset, New York

                              Respectfully submitted,

                              THE RANDO LAW FIRM P.C.

By:   /s/    *Robert J. Rando*
        Robert J. Rando, Esq. (RR-5765)

THE RANDO LAW FIRM P.C.
6800 Jericho Turnpike
Suite 120W
Syosset, NY 11791
(516) 799-9800
Email: RRando@RandoLawFirm.com

*Attorneys For Plaintiff, Parabit Systems Inc.*